UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISON, LLC,<br><br>    Plaintiff,<br>v.<br><br>JIMMY LONTAYO, and DOES 1-10, inclusive,<br><br>    Defendants. | Civil No. 16-cv-1325 JAH(JLB)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. #2) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES (DOC. #3) |

    On May 19, 2016, Plaintiff Daison, LLC filed an unlawful detainer action against Jimmy Lontayo and Does 1 through 10 in the Superior Court of California, County of San Diego. The complaint alleges only state law claims and states that it is a limited civil case with a demand under $10,000. On June 2, 2016, Defendant Jimmy Lontayo, appearing *pro se*, filed a notice of removal and a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (See Docs. #1, 2). On June 8, 2016, Plaintiff Daison, LLC filed an *ex parte* motion to remand to state court and request for attorney's fees (See Doc. #3). On June 13, 2016, Defendant filed an opposition to Plaintiff's motion to remand and request for attorney's fees. (See  Doc. #5). On June 22, 2016, Defendant filed an amended opposition to Plaintiff's motion. (See Doc. #6). For the reasons set forth below, the Court finds that it lacks jurisdiction over the complaint and therefore grants Plaintiff's motion to remand the matter to state court for all further proceedings, and denies

Plaintiff's request for attorney's fees.

## DISCUSSION

### I. Motion to Remand

Plaintiff moves to remand this action to state court on the basis that the Court lacks subject-matter jurisdiction, and that neither federal question jurisdiction nor diversity jurisdiction exist. Defendant does not specifically allege subject-matter jurisdiction, but states that "[t]he case has been removed from [sic] the following reasons: 'True Bill' by respondent in support of Legislative Act, By Caveat Judicial Notice 28 USC 1446-sec. 576 which grants Removal to Defendants" and "that it was his right to move this cause of action to the U.S. District Court." (Doc. # 6, pg. 2). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a). A district court must remand a case to state court "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (internal citation omitted).

#### A. Diversity of Citizenship

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." Tosco Corp. v. Communities for a Better Env., 236 F.3d 495, 499 (9th Cir. 2001). It is also necessary that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a).

In the notice of removal, Defendant states that he is a resident of California. In

the motion to remand, Plaintiff asserts that it is a resident of California. (Doc. # 3-1, pg. 10). Further, the amount in the controversy asserted by Plaintiff in the complaint is at most $10,000. (See Doc. #1, pg. 6). Defendant has provided no basis for a determination that the amount in controversy exceeds $75,000. Defendant has failed to establish complete diversity of citizenship. See Thompson v. McComb, 99 F.3d 352, 353 (9th Cir. 1996) (stating that upon removal, defendant bears the burden of establishing the "actual existence of subject matter jurisdiction").

### B. Federal Question

Absent diversity of citizenship, a federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see also 28 U.S.C. § 1331. The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. "Removability cannot be created by defendant pleading a counter-claim presenting a federal question...." Takeda v. Northwestern Nat'l. Life Ins. Co., 765 F.2d. 815, 822 (9th Cir. 1985) (internal citation omitted).

Plaintiff's complaint relies exclusively on state law and does not assert a federal question. Rather, Defendant asserts that he transferred his case to federal court because "he believes that he will get a fair hearing in U.S. District court, not in Superior court, and it is his right to transfer his case to U.S. District court." (Doc. # 6, pg. 3). Further, Defendant cites "Title 28, Sec. 1441(6)" in support of his request to transfer. Id. Defendant presumably intends to rely upon 28 U.S.C. § 1441(e)(6), which states that "[n]othing in this subsection [governing multiparty, multiplatform jurisdiction] shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum." However, inconvenient forum is not an issue in the instant case, and Defendant has not shown that the instant cases involves a federal question.

The Court concludes that neither the complaint nor the notice of removal

adequately states a basis for this Court's original jurisdiction. Accordingly, Plaintiff's motion to remand is GRANTED.

II.  Request for Attorney's Fees

Plaintiff contends that it is entitled to reasonable attorney's fees and costs incurred as a result of Defendant's improper removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Court finds that, considering the circumstances of this case, including Defendant's *pro se* status, an award of attorney's fees is not appropriate. See Citibank N. A. v. Ortiz, 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in consideration of [the defendant's] *pro se* status").

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to remand and request for attorney's fees (Doc. #3) is **GRANTED IN PART** and **DENIED IN PART**;
2. The action is **REMANDED** to the Superior Court of California, County of San Diego, where it was originally filed and assigned case number 37-2016-00016951-CL-VO-CTL;
3. Plaintiff's request for attorney's fees is **DENIED**.
4. Defendant's motion to proceed *in forma pauperis* (Doc. #2) is **DENIED AS MOOT.**

Dated: June 28, 2016

_____
JOHN A. HOUSTON
United States District Judge